IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR 162 CORN LITIGATION, | MDL No: 2591 |
| | Case No. 14-md-2591-JWL |
| THIS DOCUMENT RELATES TO: *Funk v. Syngenta Seeds, Inc.* (MDL Case No. 16-2220) | |

## ORDER

Before the court is the motion of Steven Sherman, Matthew Braunel, David Jinkins, David Mangian and Thompson Coburn LLP (collectively, "Thompson Coburn") seeking leave to withdraw as counsel of record for plaintiffs William N. Funk and Funk Seeds, LLC (ECF doc. 2445).[1] It appears from the record that Thompson Coburn has complied with the requirements of D. Kan. Rule 83.5.5(a), which permits withdrawal by counsel whose client will be left without counsel. Although the court would typically await a response to such a motion before ruling, the motion is time sensitive in this instance. Syngenta has indicated that it will file a motion to dismiss plaintiffs' case by August 31, 2016,[2] and plaintiffs will be responsible for timely responding to that motion or risk likely dismissal of their case. Given current counsels' compliance with Rule 83.5.5(a) and the timing considerations at play, as well as for good cause shown, the court grants the motion and permits the withdrawal.

---

[1] The motion was also filed in the individual case, Case No. 16-2220, as ECF doc. 11.

[2] *See* ECF doc. 2224.

O:\14-MD-2591-JWL, Syngenta\-2445.wpd

With the entry of this order, plaintiffs are left without counsel.[3] Mr. Funk may choose to retain new counsel or he is permitted to proceed pro se. He is cautioned, however, that unless and until he retains new counsel, he is personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or court order, and with the date of any impending trial, hearing, or conference. Funk Seeds, on the other hand, may not proceed pro se. "[A] corporation must be represented by an attorney to appear in federal court."[4] A corporate officer appearing pro se cannot represent the corporation.[5] Accordingly, by **September 7, 2016**, Funk Seeds shall retain new counsel and that counsel shall file an entry of appearance in this matter.

Any motion for reconsideration of this order must be filed by **September 7, 2016**.

The Clerk is directed to update the docket to reflect that plaintiffs are not currently represented by counsel, and to serve a copy of this order on plaintiffs by regular and certified mail.

IT IS SO ORDERED.

---

[3] Although the docket lists Alan G. Carlson and Joseph W. Winkels as remaining counsel for plaintiffs, the Clerk has informed the undersigned U.S. Magistrate Judge that such counsel are not actively involved in this MDL and are listed on the docket only because they were counsel of record in the underlying case transferred from the District of Minnesota.

[4] *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (footnote and citations omitted), *cert. denied*, 127 S.Ct. 1334 (2007).

[5] *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001); *see also Med. Supply Chain, Inc. v. Neoforma, Inc.*, No. 05-2299, 2006 WL 2570312, at *2 (D. Kan. Aug. 7, 2006).

Dated August 24, 2016, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge